1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIKE PACIGA,

          Plaintiff,

  v.

INVUITY INC., PHILIP SAWYER and JAMES H. MACKANESS,

          Defendants.

_____/

No. C 17-01005 JSW

**ORDER GRANTING MOTION TO DISMISS REVISED SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**

      Now before the Court is the motion to dismiss the revised second amended complaint filed by defendants Invuity, Inc., Philip Sawyer, and James H. Mackaness (collectively "Invuity" or "Defendants"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court GRANTS Defendants' motion to dismiss with leave to amend.

## BACKGROUND

      On February 27, 2017, Plaintiff Mike Paciga, individually and on behalf of others similarly situated, filed a complaint against Invuity and its officers for violation of Sections 10(b) and 20(a) of

the Security Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.  After lead plaintiff and lead counsel were selected, Plaintiff filed an amended complaint.  On September 14, 2017, Defendants filed a motion to dismiss the first amended complaint.  On September 26, 2018, the Court granted Defendants' motion to dismiss with leave to amend.  After Plaintiff filed a revised second amended complaint, Defendants again moved to dismiss on December 5, 2018.

Defendant Invuity is a medical technology company that develops, markets, and sells single-use and reusable medical technology for use during surgery.  The company's focus is advanced photonics products that enable surgeons to have better visualization and illumination of the surgical cavity while performing minimally-invasive and minimal-access procedures.  (Revised Second Amended Complaint ("SAC") ¶¶ 2, 19-20.)  Defendant Philip Sawyer was the President and Chief Executive Officer ("CEO") of Invuity and a member of its board of directors.  (*Id.* at ¶ 14.)  Defendant James H. Mackaness was the company's Chief Financial Officer ("CFO").  (*Id.* at ¶ 15.)  Plaintiff alleges that the company and its officers who were privy to confidential and proprietary information about the company's operations, finances, and present and future business prospects, had a duty to disseminate accurate and truthful information, but instead made material misrepresentations and participated in a fraudulent scheme to deceive the investing public.  (*Id.* at ¶¶ 17-18.)

The Court will address additional facts as necessary in the remainder of this order.

## ANALYSIS

**A.    Applicable Legal Standards on Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the complaint, which are accepted  as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

Federal Rule of Civil Procedure 8 requires plaintiffs to "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los Angeles County,* 216 F.3d 837, 840 (9th Cir. 2000). Rule 8 requires each allegation to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a). *McHenry v. Renne,* 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.,* 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was " 'verbose, confusing and almost entirely conclusory'"). "Something labeled a complaint but . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint," and "impose[s] unfair burdens on litigants and judges." *McHenry,* 84 F.3d at 1179-80.

Where a plaintiff alleges fraud, however, Rule 9(b) requires the plaintiff to state with particularity the circumstances constituting fraud. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-49 (9th Cir. 1994) (en banc) (superseded by the Private Securities Litigation Reform Act ("PSLRA") on other grounds). A plaintiff averring fraud must plead with particularity the circumstances constituting fraud. *See* Fed. R. Civ. P. 9(b). Particularity under Rule 9(b) requires the plaintiff to plead the "who, what, when, where, and how" of the misconduct alleged. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). In the securities context, the pleading requirements are even more stringent and require that "the particular circumstances indicating falseness of the defendant's statements to be pled, specifically, 'an explanation as to why the statement or omission complained of was false or misleading.'" *In re Intuitive Surgical Sec. Litig*, 65 F. Supp. 3d 821, 830 (N.D. Cal. Aug. 21, 2014) (citing *In re GlenFed, Inc. Sec. Litig*., 42 F.3d at 1548).

The Rule 9(b) requirement "has long been applied to securities complaints." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). "At the pleading stage, a complaint stating claims under section 10(b) and Rule 10b-5 must satisfy the dual pleading requirements of . . . Rule 9(b) and the PSLRA." *Id.* The PSLRA requires that "a complaint 'plead with particularity both falsity and scienter.'" *Id.* (quoting *Gompper v. VISX*, 298 F.3d 893, 895 (9th Cir. 2002), in turn quoting *Ronconi v. Larkin*, 253 F.3d 423, 429 (9th Cir. 2001)).

Under the PSLRA, actions based on allegations of material misstatements or omissions must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). In order adequately to plead scienter, the PSLRA requires that the plaintiff "'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Zucco Partners*, 552 F.3d at 991 (quoting 15 U.S.C. § 78u-4(b)(2)). If the allegations are insufficient to state a claim, a court should grant leave to amend, "unless it is clear that the complaint could not be saved by any amendment." *Id.* at 989 (quoting *Livid Holdings Ltd. v. Solomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005)).

**B.** **Sufficiency of Allegations of Rule 10(b) Violation.**

Section 10(b) of the Exchange Act provides, in part, that it is unlawful "to use or employ in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe." 15 U.S.C. § 78j(b). Rule 10b-5, promulgated under Section 10(b), makes it unlawful for any person to use interstate commerce: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security. 17 C.F.R. § 240.10b-5.

For a claim under Section 10(b) and Rule 10b-5 to be actionable, a plaintiff must allege: (1) a misrepresentation or omission; (2) of material fact; (3) made with scienter; (4) on which the plaintiff justifiably relied; (5) that proximately caused the alleged loss. *See Binder v. Gillespie*, 184 F.3d 1059, 1063 (9th Cir. 1999). A complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(2). In order to avoid having the action dismissed, a plaintiff must "plead with particularity both falsity and scienter." *Ronconi*, 253 F.3d at 429.

To assist the Court in determining whether a plaintiff has satisfied this heightened pleading standard, "the Supreme Court has provided three points of instruction: (1) 'courts must, as with any [12(b)(6)] motion to dismiss . . ., accept all factual allegations in the complaint as true'; (2) 'courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss'; and (3) 'in determining whether the pleaded facts give rise to a strong inference of scienter, the court must take into account plausible opposing inference.'" *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014) (citing *Telltabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007)).

1    In its motion to dismiss the revised second amended complaint, Defendants contend that

2   Plaintiff fails to satisfy the heightened pleading requirements under the PSLRA. In particular,

3   Defendants again argue that: (1) Plaintiff has failed to plead with particularity that Defendants made

4   false or misleading statements; and (2) Plaintiff has failed to plead with particularity facts

5   demonstrating a strong inference of scienter.

6       **1.      Falsity and Materiality of Statements.**

7       The PSLRA requires that a plaintiff allege with the requisite particularity each statement

8   alleged to be false or misleading, the reason or reasons why the statement was false or misleading,

9   and if those allegations are made on information and belief, all facts on which that belief is formed.

10  *See* 15 U.S.C. § 78u-4(b)(1)(B); *see also Employers Teamsters Local Nos. 175 and 505 Pension*

11  *Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1134 (9th Cir. 2004). To be actionable under Section

12  10(b) and Rule 10b-5, an alleged omission must render some affirmative public statement

13  misleading as to a material fact. In order for an omission to be misleading, "it must affirmatively

14  create an impression of a state of affairs that differs in a material way from the one that actually

15  exists." *See Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002) (citing

16  *McCormick v. The Fund American Cos.*, 26 F.3d 869, 880 (9th Cir. 1994)). To fulfill the materiality

17  requirement, "'there must be a substantial likelihood that the disclosure of the omitted fact would

18  have been viewed by the reasonable investor as having significantly altered the total mix of

19  information made available.'" *Basic Inc. v. Levinson*, 485 U.S. 224, 231-32 (1988) (quoting *TSC*

20  *Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976)).

21      Regarding this iteration of the complaint, Plaintiff alleges that Defendants made false and

22  misleading statements and omissions about: (1) sales to existing customers were sufficient to support

23  the plan to achieve compounding growth; (2) benefits of seasonality; (3) the quality of Invuity's data

24  and their ability to use that data accurately to predict profitability.

25      Plaintiff contends that during the class period, Invuity falsely claimed that the company's

26  sales to existing customers were sufficient to support the company's plan to achieve compounding

27  growth. (*See* SAC ¶¶ 31s-38, 47-48, 51, 53-54.) Plaintiff contends that Defendants made specific

28  representations regarding the company's success in executing its growth plan that were false and

misleading because the statements failed to disclose that a material number of Invuity's accounts had fallen into a "step back" sales pattern, wherein the initial sale was significantly larger than the second, subsequent sale. (*Id.*) Plaintiff alleges that the "step back" sales pattern eliminated Invuity's ability to achieve compounding growth until at least late 2017, which was contrary to the plan as represented. (*Id.* at ¶¶ 59, 63-72.) On this basis, Plaintiff contends that the omissions "affirmatively created an impression of a state of affairs that differs in a material way from the one that actually exists." *Brody*, 280 F.3d at 1006.

In response, Defendants contend that they did disclose the pattern that a dip often occurred in the new customers' second orders, but contend that the dip was temporary and did not render the company's statements regarding "going deeper" on accounts false or misleading. The Court finds, again on the revised second amended complaint, that the lower second order pattern is not, by necessity, inconsistent with Invuity's disclosed plan "to sell more in depth to existing customers." (Dkt. No. 53, Order dated September 26, 2018 at 6.) Indeed, as Defendants disclosed, they discovered the pattern and still sold more to existing customers over time. Plaintiff's contention that the dip in second sales rendered the statements regarding the company's plan to achieve compounding growth, rather than growth, is unpersuasive. The Court again finds that the amended complaint does not contain allegations that all subsequent orders were likewise smaller than the first, and there is no indication that the company did not execute on the plan to sell more in depth to the existing pool of customers over time. The Court finds that the representations of growth in the face of the going deeper plan were not false when made. The second order pattern does not render misleading true statements that the company had both won new accounts and had gone deeper into its existing accounts over the time period at issue. The representations did not make any particular or specific prediction about the particular level of growth; only that the company achieve an increase in revenue over time. Therefore, these representations would not "give a reasonable investor the impression that [its] growth was any different than it was in reality." *See Police Retirement System v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1061 (9th Cir. 2014).

Plaintiff also alleges that Defendants made false statements about the benefits of seasonality. Specifically, Plaintiff pleads that Defendant Mackaness told investors that he expected seasonality to

affect the business with the first quarter being the most difficult and the fourth quarter being the strongest. (*See* SAC ¶ 41.) Mackaness also allegedly stated that he expected 40% of Invuity's revenue to be generated in the first half of 2016, with the remainder to come in the second half due to the seasonality medical device manufacturers frequently experience. (*Id.*) Plaintiff claims that these representations were false when made because the company's new accounts were concentrated in the breast division, which involved non-elective procedures and do not benefit from the same seasonality experienced by the spine and ortho divisions given the elective nature of many of those procedures. (*Id.* at ¶ 42.) The Court has already addressed this representation in its earlier order on the initial motion to dismiss and it appears that the representations were indeed accurate as to timing of sales.

Lastly, Plaintiff contends the representations about the quality of Invuity's data and their ability to use that data accurately to predict profitability were materially false when made. In their previous iteration of the complaint, Plaintiff contended that Invuity's 2016 revenue guidance was false and misleading. However, the Court dismissed that allegation in its previous order. Plaintiff now amends the complaint and omits any reference to the revenue guidance numbers but claims that Defendants misrepresented their data and their ability to use that date to predict profitability accurately. Plaintiff now contends that Defendants stated the Invuity's results "were sufficient" to achieve "compounding growth" or to meet the "plan." (*See id.* at ¶¶ 31, 35, 38, 39, 47, 51, 56, 57.) The amended complaint, however, does not specifically identify any statement made by Defendants regarding the magnitude or scale of Invuity's growth plan. With the specific 2016 revenue guidance figures omitted from the claims of misrepresentations, there is no specific allegation of false representations in the statements actually made by Defendants. In the earlier iteration of the complaint, Plaintiff admitted that Invuity's "[e]xpenses and cash utilization remained in line with expectations" at the end of the Class Period. (FAC ¶ 90.) Again, as it did in its original order, the Court does not find that the repeated allegations about the company's offers of incentives or special deals artificially inflated Invuity's actual sales numbers for disposables. There is no allegation that the incentives had any material impact on the volume of sales of the resulting orders for customers who were given incentives or special pricing. The mere allegation that special incentives were

8

offered does not support the conclusion that the practice had the effect of artificially inflating Invuity's sales numbers. *See, e.g., In re Cerner Corp. Sec. Litig.*, 425 F.3d 1079, 1082, 1084 (8th Cir. 2005) (holding that allegations that the company had offered substantial discounts on products was inadequate to form the basis of a claim without any indication of the amount or extent of the impact of the discounts). The Court again does not find that the representations about Invuity's data alleged by Plaintiff were actually false and misleading.

Accordingly, the Court finds that the revised second amended complaint as it is currently pled is subject to dismissal for failure to plead falsity with the requisite particularity under the PSLRA.

### 2.   Sufficiency of Allegations of Scienter.

Plaintiff's failure to plead falsity with requisite particularity renders it unnecessary for the Court to consider the sufficiency of the allegations of scienter. However, the Court finds, as an alternative, that the revised second amended complaint is subject to dismissal for failure adequately to plead scienter.

In order to plead scienter, the PSLRA requires that a plaintiff must "'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Zucco Partners*, 552 F.3d at 991 (quoting 15 U.S.C. § 78u-4(b)(2)). The requisite state of mind is "a mental state that not only covers 'intent to deceive, manipulate, or defraud,' but also 'deliberate recklessness.'" *In re Quality Sys. Inc. Sec. Litig.*, 865 F.3d 1130, 1144 (quoting *Schueneman v. Arena Pharms.*, 840 F.3d 698, 705 (9th Cir. 2016)). A complaint must allege that the defendants made false and misleading statements either knowing them to be false or with deliberate indifference as to their falsity. *Zucco Partners*, 552 F.3d at 991. It is not enough that the plaintiff merely allege facts "from which an inference of scienter rationally could be drawn." *Telltabs*, 551 U.S. at 323. Rather, the plaintiff must alleged "with particularity facts that give rise to a strong – i.e., a powerful or cogent – inference." *Id.* In order to determine whether a plaintiff has met this burden, the court must examine whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter. *Id.* at 324. The court "'must consider plausible, nonculpable explanations for the defendant's conduct,' not only inferences favoring the plaintiff." *In re Cisco Sys.*, 2013 WL

9

1402788, at *7 (citing *Telltabs*, 551 U.S. at 324; *Zucco Partners*, 552 F.3d at 991). The reviewing court must determine both whether any of the allegations, standing alone is sufficient to create a strong inference of scienter and also, if no allegation alone is sufficient, the court then considers the "allegations holistically to determine whether they create a strong inference of scienter taken together." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d at 1056.

Plaintiff contends that individual Defendants had access to data and weekly meetings as well as daily forecast reports. However, again the Court finds that Plaintiff has failed to identify specific negative information garnered from these meetings and reports that contradict Defendants' public statements. The newest additional opinion of Confidential Witness 8 is proffered to support the contention that any particular daily forecast report established that Invuity "was not getting penetration into individual hospitals[.]" (SAC ¶ 111.)[1] However, the witness' conclusory opinion that the Defendants had access to the reports does not indicate that anyone informed the individual Defendants on any of the calls that Invuity was not penetrating hospitals. *See, e.g., Lipton v. PathoGenesis Corp.*, 284 F.3d 1027, 1036 (9th Cir. 2002) (holding that conclusory allegations that defendants had access to internal reports of sales data indicating decline in sales were insufficient to establish scienter because they lacked details about the contents of the reports or the reported data); *see also In re SolarCity Corp. Sec. Litig.*, 183 F. Supp. 3d 972, 1009-11 (N.D. Cal. 2017) (finding no scienter where "none of the CWs state that any of the individual Defendants knew about the alleged declining demand" and allegations of individual defendants' knowledge were merely speculative).

Here, there is no evidentiary support or factual allegations to establish a strong inference of scienter that from the daily forecast reports the officers learned any information that contradicted their public statements. The complaint does not address what specific negative information officers

---

[1] The Court also finds that although the amended complaint lists the CWs' job titles, it is lacking important details about the proffered witnesses' employment information, including "his or her job description and responsibilities," or duties. *See Zucco Partners*, 552 F.3d at 996. The Ninth Circuit requires that the complaint describe the confidential witnesses with a "large degree of specificity," including not just the witness' job title or description, but also his or her "responsibilities." *See In re Daou Sys., Inc.*, 411 F.3d 1006, 1016 (9th Cir. 2005). Accordingly, the Court finds that it cannot rely on CW8's testimony. *See Applestein v. Medivation, Inc.* 561 F. App'x 598, 600 (9th Cir. 2014) (affirming district court's finding that complaint failed to allege with requisite specificity the responsibilities of the CWs and facts supporting the inference that the CWs had personal knowledge of the relevant information).

10

knew about its sales data or temporary dip in sales that was sufficiently troubling that the officers must have known that the company was going to be unable in the long term to go deeper with existing customers. *See e.g., Lipton*, 284 F.3d at 1036. As has already been determined, there was disclosure that the company generally experienced a dip in sales from the first order to the second and the emphasis on going deeper into existing customers over time is not controverted. The allegations regarding the statements of the company's officers without specific facts to the contrary about the daily forecast reports and without any allegation of specific knowledge of the falsity of the statements does not create an inference of scienter.

Accordingly, the Court finds that the revised amended complaint as it is currently pled is subject to dismissal for failure to plead sufficient facts to generate a strong inference of scienter.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the revised second amended complaint. Because the Court does not find amendment would be futile, it GRANTS Plaintiff leave to amend. Plaintiff shall file and serve an amended complaint or a statement that no such amended complaint shall be filed within twenty days of the date of this Order, and Defendants shall file their response within twenty days thereafter.

**IT IS SO ORDERED.**

Dated: August 12, 2019

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE