UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIKE PACIGA,

        Plaintiff,

    v.

INVUITY, INC., et al.,

        Defendants.

Case No. 17-cv-01005-JSW

**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Re: Dkt. No. 74

      Now before the Court is Plaintiff's fourth iteration of his complaint and the Court's third issued order dismissing the case. Having reviewed the full record of the pleadings in this matter and the current motion papers, the Court finds that, similar to its two previous orders, Plaintiff has again failed to state a claim under the Private Securities Litigation Reforms Act ("PSLRA"). 15 U.S.C. §78u-4(b)(1)(B). Because the Court has outlined the facts and law twice previously, it adopts those findings here.

      The PLSRA requires that a plaintiff set out with requisite particularity each statement alleged to be false or misleading, the reason or reasons why the statement was false or misleading, and if those allegations are made on information and belief, all facts on which that belief is formed. *See id.*; *see also Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1134 (9th Cir. 2004). To be actionable under Section 10(b) and Rule 10b-5, an alleged omission must render some affirmative public statement misleading as to a material fact. In order for an omission to be considered misleading, "it must affirmatively create an impression of a state of affairs that differs in a material way from the one the actually exists." *Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002) (citing *McCormick v. The Fund American Cos,* 26 F.3d 869, 880 (9th Cir. 1994)). To fulfill the materiality requirement,

"'there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available.'" *Basic Inc. v. Levison*, 485 U.S. 224, 232-32 (1988) (quoting *TSC Indus., Inc. v. Northway. Inc.*, 426 U.S. 438, 449 (1976)).

    Regarding this last of his four iterations of the complaint filed in this matter, Plaintiff alleges that Defendants made false and misleading statements and omissions about its "going deeper" sales to existing customers, the benefits of seasonality, and the quality of their data and ability to use that data accurately to predict profitability. However, these same alleged misrepresentations and omissions were previously the subject of motion practice aimed to dismiss the earlier iterations of Plaintiff's allegations. Because the minor amendments in this last version of the complaint fail to address the Court's earlier concerns and reasons to dismiss the matter, the Court again finds that it must dismiss the complaint. Plaintiff alleges the same facts again and contend that the Court misapprehended the nature of his allegations and overlooked critical facts. The Court finds that its previous analyses were correct. Now, after four attempts to allege sufficient facts to state claims, the Court finds that dismissal is appropriate without leave to amend.

    The Court does not find it necessary to repeat its earlier analyses, but rather only addresses the new facts as alleged in the fourth complaint. In its previous orders, the Court explained why Plaintiff's falsity allegations were deficient based on (1) the "step back" pattern is not inconsistent with Defendants' statements regarding revenue growth and (2) Plaintiff again has failed to allege that any discounts or incentives "had the effect of artificially inflating Invuity's sales numbers." Because the newly-amended complaint essentially repeats verbatim the allegations of the previously-dismissed complaints regarding revenue growth to existing customers, the Court finds, on the same bases, that such claims are again insufficient. Plaintiff has not alleged anything in addition to remedy the deficiencies identified in the earlier iterations of the complaint. Instead, Plaintiff argues that the Court got it wrong. Because, as the Court has held, there was no statement made by Defendants regarding the magnitude or scale of Invuity's growth plan, other than the specific 2016 revenue guidance, the Court's prior ruling still stands. Again, the

2

representations did not make any specific prediction about the particular level of growth in existing accounts; only that the company would achieve an increase in revenue over time. In addition, with regard to Defendants' statements about seasonality and predictability of sales, the Court has previously found and maintains that these statements are not false or misleading.

Lastly, the Court finds again that Plaintiff fails to plead facts giving rise to a strong inference of scienter. The comparison of the recent complaint indicates that, with the minor exception of a few allegations regarding CWs 6, 8, and 10 and their job descriptions, the same allegations yield the same outcome. The addition of CW 10 and allegations consistent with Defendants' statements during the Q3 2016 earning call do not call for a different outcome. The same legal analysis performed by this Court twice before yields the same result.

Because Plaintiff's amendments to the fourth complaint filed in this action do not substantively alter the Court's previous analyses, the Court again GRANTS Defendants' motion to dismiss. As this is Plaintiff's fourth unsuccessful attempt to remedy the pleading defects identified in the Court's prior analysis, the Court dismisses the third amended complaint without leave to amend.

A separate judgment shall issue and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: November 23, 2020

_____
JEFFREY S. WHITE
United States District Judge